IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROSA A. MONTOTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-371-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Rosa A. Montoto, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

On October 11, 2012, Petitioner pleaded guilty in the United States District Court for the Southern District of California to one count of conspiracy to import methamphetamine and, on February 19, 2013, she was sentenced to a 78-month term of imprisonment. Minutes and J. in a Criminal Case, *United States v. Montoto,* Criminal Docket No. 3:12-cr-02937-LAB-1, Docket Entries for October 11, 2012, and Feb. 19, 2013 & ECF No. 39. Petitioner asserts she filed an appeal, however the criminal docket does not support this assertion. Instead, the docket reflects that she filed a motion requesting a sentence reduction in the convicting court on June 2, 2014, which was rejected based on her failure to comply with the court's local rules and/or for lack of jurisdiction.

*Id.*, ECF No. 40. It does not reflect that Petitioner has filed a notice of appeal or a § 2255 motion in that court. In this § 2241 petition, Petitioner initially contends that she is "petitioning" the conditions of her confinement and the length of her sentence, however she raises only one ground for relief in the body of the petition wherein she claims she suffers from various medical conditions and is not receiving the proper care at FMC-Carswell. Pet. 1-2, ECF No. 1.[1] Petitioner seeks immediate, unconditional release so that she can received "the proper care and treatment uninterrupted by supervised release." *Id.* 2.

## II. DISCUSSION

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] Therefore, no service has issued upon Respondent.

Habeas relief "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Where "a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," the proper vehicle is a civil-rights action if a determination in the prisoner's favor will not automatically result in his or her accelerated release. Petitioner's claims relate to her medical needs and, thus, are not cognizable on habeas review. 42 U.S.C. § 1983; *Carson v. Johnson*,

---

[1] The pages of the petition are not paginated, therefore the pagination in the ECF header is followed.

[2] Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

112 F.3d 818, 820-21 (5th Cir. 1997). Even if she could prove the claims, she has not shown a legal basis for obtaining accelerated release.

Further, as a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Petitioner does not raise a savings-clause claim, it is clear that she cannot meet the three requirements from the face of the petition. Petitioner cites no retroactively applicable Supreme Court decision that would arguably decriminalize her conduct, nor was any sentencing claim foreclosed at the time of her trial or appeal and she has not filed an initial § 2255 motion. Therefore, Petitioner cannot show that the remedy by § 2255 motion is inadequate or ineffective to test the legality of her sentence. A § 2241 petition is not an alternative to the relief afforded by motion in the sentencing court under § 2255. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting

3

*Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). The fact that procedural barriers may prevent Petitioner from filing a future § 2255 motion does not change this result. *Jeffers*, 253 F.3d at 830 (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Because any challenge to Petitioner's sentence does not fall within the savings clause of § 2255(e), it is not cognizable in a § 2241 petition.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** on this **17th** day of **June, 2014.**

_____
REED O'CONNOR
UNITED STATES DISTRICT JUDGE

4